# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 20-CV-25025-GAYLES/STRAUSS

**ACHERON PORTFOLIO TRUST**, *et al.*,

      Plaintiffs,

v.

**BARRY MUKAMAL,** as Trustee of the
MUTUAL BENEFITS KEEP POLICY
TRUST,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon the Order of Limited Remand [DE 44] entered by the Eleventh Circuit Court of Appeals on December 29, 2021. The Order of Limited Remand remanded this case "for the limited purpose of determining the parties' citizenship to establish whether diversity jurisdiction existed."[1] Following remand, the District Court referred this matter to me for the issuance of a report and recommendation concerning the Eleventh Circuit's Order of Limited Remand. *See* [DE 45]. Upon referral, I ordered the parties to provide briefing and evidence regarding the issues raised in the Order of Limited Remand, which they have now provided. *See* [DE 46, 47, 48, 50].

The briefing and evidence the parties have provided [DE 47, 50] confirm that all Plaintiffs were diverse from Defendant at the time this case was filed (and at all times thereafter). Defendant,

---

[1] In addition to diversity of citizenship, the amount in controversy must exceed $75,000 (exclusive of interest and costs) for diversity jurisdiction to exist. *See* 28 U.S.C. § 1332(a). Here, the Court is well aware that the amount in controversy substantially exceeds $75,000 (which the parties do not dispute, *see* [DE 47] at 10-11). Therefore, this Report only addresses the citizenship of the parties in accordance with the Eleventh Circuit's Order of Limited Remand.

Barry Mukamal, as Trustee ("Trustee") of the Mutual Benefits Keep Policy Trust ("MBKP Trust"), is a citizen of the State of Florida; however, no Plaintiff is a citizen of the State of Florida.  As to the Trustee, the issue the Eleventh Circuit raised was that the allegations did not address whether the Trustee was the real party in interest.  However, the parties' joint memorandum demonstrates that the Trustee was and is the real party in interest.  *See* [DE 47] at 5-7.

The Trustee is the real party in interest because the MBKP Trust is a "traditional trust" under Florida law that is not a distinct juridical entity.  "A 'traditional trust . . . generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law.'  So whether a trust is 'traditional' requires us to refer to the 'law of the state where the trust is formed.'" *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (internal citations omitted)). I previously found it proper to take judicial notice of the docket and court files in Case No. 04-60573-CIV ("Enforcement Action").[2]  *See* DE 32 at 2 n.3.  In the Enforcement Action, the Court has determined that the MBKP Trust is governed by the Florida Trust Code.  *See, e.g.*, *Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, No. 04-60573-CIV, 2020 WL 6581601, at *2 n.4 (S.D. Fla. Nov. 10, 2020).  In *Alliant Tax Credit 31*, the Eleventh Circuit referenced a Second Circuit case where the court held "that under Florida law, a trust was not a 'distinct juridical entit[y]' and thus was 'incapable of being haled into court except through [its] trustee[ ].'"  924 F.3d at 1143 (citing *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017)).  Further, the Mutual Benefits "Keep Policy" Trust Agreement ("Trust Agreement"), on file at ECF No. 2540-1 in the Enforcement Action, demonstrates that the MBKP Trust includes the type of fiduciary relationship regarding property described as a "traditional

---

[2] Filings from the Enforcement Action will be referred to using "ECF No." rather than "DE."

trust."  Notably, the Trust Agreement grants broad powers to the Trustee.  Section 3.1(a) of the Trust Agreement specifically provides as follows:

> Subject to the limitations set forth in this Trust Agreement, the Trustee shall have the power to take any and all actions that, in the judgment of the Trustee, are necessary or proper to fulfill the purposes of the Trust, including, without limitation, each power expressly granted in this Section 3.1, any power reasonably incidental thereto, and any trust power now or hereafter permitted under the laws of the State of Florida.

Section 3.1(b) specifies that, without limiting the generality of Section 3.1(a), the Trustee has numerous specified powers and duties.  Ultimately, the Trust Agreement, and the Court's knowledge of the Enforcement Action, reveal that the Trustee possesses customary powers to hold, manage, and dispose of assets for the benefit of others and to control litigation.  Thus, he is the real party in interest.[3]  Furthermore, the Trustee's declaration [DE 47-5] confirms that the Trustee is a citizen of Florida.  Therefore, Defendant is a citizen of Florida.[4]

All Plaintiffs are diverse from Defendant.  Plaintiffs are Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust, STYX Portfolio Trust (collectively, "Trust Plaintiffs"), and Acheron Capital, Ltd. ("Acheron Capital").  With respect to Acheron Capital, Plaintiffs alleged at the outset of this case that Acheron Capital "is a private limited company incorporated under the laws of England and Wales with a registered office in London, England."  [DE 1] ¶ 6. However, as the Eleventh Circuit pointed out, Plaintiffs failed to allege Acheron Capital's principal

---

[3] *Cf. CityPlace Retail, LLC v. Wells Fargo Bank N.A. As Tr. For Registered Holders Of Credit Suisse First Bos. Mortg. Sec. Corp., Com. Mortg. Pass-Through Certificates, Series 2007-C1*, No. 20-11748, 2021 WL 3486168, at *4 (11th Cir. July 15, 2021) ("For a trustee, it 'is a real party to the controversy for purposes of diversity jurisdiction when [it] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others' and to 'control the litigation.'" (citations omitted)).

[4] *See Alliant Tax Credit 31*, 924 F.3d at 1143 ("A 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries." (citations omitted)).

place of business.  Plaintiffs have now remedied that issue by showing that Acheron Capital's principal place of business has been in London, England since the inception of this case.  *See* [DE 47-4] ¶ 6.

That does not necessarily end the inquiry as to Acheron Capital though.  "Corporations are 'citizens' for diversity purposes wherever they are incorporated and have their principal place of business."  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)).  On the other hand, "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citation omitted).  Likewise, limited partnerships and limited liability companies are citizens of any state in which their partners/members are citizens.  *Id.* at 1022.  Thus, if Acheron Capital's citizenship is determined in the same manner as the citizenship of a corporation, Acheron Capital is a citizen of the United Kingdom.  However, if Acheron Capital's citizenship is determined in the same manner as the citizenship of a limited liability company, the Court must consider the citizenship of its owners.

Acheron Capital's citizenship is likely determined based upon its place of incorporation and principal place of business (like a corporation), making Acheron Capital a citizen of the United Kingdom.  It has a board of directors, an officer, and a sole shareholder, and it is subject to extensive corporate law, tax, and reporting requirements.  [DE 50-1] ¶ 5.  Several district courts to consider the issue have determined that private limited companies incorporated in the United Kingdom (like Acheron Capital) are treated like corporations (as opposed to limited liability companies) for purposes of determining citizenship.  *See, e.g.*, *Brink's Co. v. Chubb Eur. Grp. Ltd.*, No. 3:20-CV-520-HEH, 2020 WL 6829870, at *5-6 & n.1 (E.D. Va. Nov. 20, 2020)

4

(collecting cases); *see also Perrigo Co. v. Merial Ltd.*, No. 1:15-CV-3674-SCJ, 2020 WL 10728878, at \*2-3 (N.D. Ga. Apr. 29, 2020).  Nonetheless, even if Acheron Capital's citizenship were to be determined like that of a limited liability company, Acheron Capital is still diverse from Defendant.  That is because its sole shareholder, Jean-Michel Paul, whose nationality is Belgian and whose country of residence is Singapore (since the inception of this case), is not a citizen of Florida.  *See* [DE 50-1] ¶ 6.  Accordingly, Acheron Capital is diverse from Defendant.

That leaves the Acheron Trusts.  Robert Edelstein ("Edelstein"), the trustee of the Acheron Trusts, has submitted a declaration, based upon his own personal knowledge, stating that the Acheron Trusts are unincorporated entities that were created as business trusts (as opposed to traditional trusts).  [DE 47-3] ¶ 5(i).  Thus, it would appear that, like other unincorporated entities, the citizenship of the Acheron Trusts depends on the citizenship of their members – i.e., their beneficiary(ies).  Life Settlement Assets, Plc ("LSA") is the sole beneficiary of each of the Acheron Trusts.  *Id.* ¶ 5(ii); [DE 50-2] ¶ 4(v).  LSA is a public limited company incorporated in England and Wales, with its principal place of business in London, England.  [DE 47-3] ¶ 5(ii); [DE 50-2] ¶ 4(i).  It is a publicly traded company on the London Stock Exchange.  [DE 50-2] ¶ 4(i).  Additionally, it has a board of directors, officers, and shareholders, and it is subject to extensive corporate law, tax, and reporting requirements.  *Id.* ¶ 4(ii).  In light of the foregoing, LSA's citizenship should be determined in the same manner as the citizenship of a corporation – based on its place of incorporation and principal place of business.  As such, LSA is a citizen of the United Kingdom.  Therefore, the Acheron Trusts are likely citizens of the United Kingdom as well.  The only other alternative is that the Acheron Trusts are citizens of California, as Edelstein (their trustee) is a citizen of California.  *See* [DE 47-3] ¶ 3.  Thus, in either scenario, the Acheron

Trusts are diverse from Defendant.  Because all Plaintiffs are diverse from Defendant, diversity of citizenship exists.

<strong><u>CONCLUSION</u></strong>

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court find that the parties were completely diverse at the time this case was commenced, find that diversity jurisdiction exists, and return the record, as supplemented, to the Eleventh Circuit for further proceedings.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 19th day of January 2022.

*Jared Strauss*

**Jared M. Strauss**
**United States Magistrate Judge**